LOTTINGER, Judge.
Petitioner Louis C. Guidry alleges that he is the owner of and the possessor of Lot No. 14 of a plat of survey dated September 30, 1876, attached to and made a part of an act of sale by the Parish of St. Martin to various persons, dated October 7, 1876. He brings this suit alleging slander of title to said property by the Town of St. Martin-ville, and prays that he be quieted in his possession of the property. Petitioner further prayed, in the alternative, that should the Court find that he did not have such possession as would entitle him to bring an action in slander of title, that this suit be changed to one to establish title to the said property. The defendant filed exceptions denying that petitioner has possession of the property, and in the alternative, claims that defendant has had open and notorious possession of said property for a period in excess of thirty (30) years. The Lower Court rendered judgment maintaining the exception and dismissing petitioner’s suit. The petitioner has appealed.
*216 The evidence shows that on October 7th, 1876, the Parish of St. Martin subdivided a tract of land situated near the western limits of the Town of St. Martinville. Said tract was divided into twenty-one (21) lots, all of which lots, with the exception of Lots 19, 20 and 21, were bounded on said plat, north, south, east and west by named streets. The said streets have never been opened, nor have they ever been used, and are not now nor have they ever been visible on the ground. The record shows that petitioner is the record owner of a certain tract of land situated within the said subdivision, containing six (6) arpents more or less, bounded north by property of Charles Paterson, south by land of Ariel Heirs, east by tract of the Morgans Louisiana Texas R. R. and S. S. Company, and west by land of C. M. Oliver. Petitioner claims that said tract contains Lots Nos. 12, 13, 14 and 18 of the said subdivision.
The record shows that Lots 12, 13 and 18 are surrounded by a fence and that the petitioner has been raising cattle on said property for a number of years. The record further shows that Lot 14 is separated from Lots 12, 13 and 18 by Claiborne Street, which Street has not been opened and is not visible. Petitioner contends that he has possessed Lot 14 by virtue of his possession of Lots 12, 13 and 18, under the provisions of Louisiana Statutes Annotated — Civil Code Article 3437 which provides as follows:
“It is not necessary, however, that a person wishing to take possession of an estate should pass over every part of it; it is sufficient if he enters on and occupies a part of the land, provided it be with the intention of possessing all that is included within the boundaries.”
The defendant, on the other hand, denies that the petitioner has possessed Lot No. 14 and has submitted evidence to the effect that the Town of St. Martinville has used said Lot for a period in excess of forty (40) years as a garbage dump. The defendant claims that under the main demand in slander of title, the petitioner must be in- possession of the property, and that under the alternative demand of an action to establish title, neither party must be in possession of the property; and that as the defendant is in possession of the property, both the main demand and the alternative demand must fail. The Lower Court rejected both the main demand and the alternative demand and maintained the exception filed by the defendant, the petitioner has taken this appeal.
There is no question in our minds but that the petitioner had no intention of possessing Lot No. 14 as owner. On trial of the matter, the petitioner admitted that he-dí d not know until recently that his title included Lot No. 14. The record clearly shows that the City of St. Martinville has used Lot 14 as a garbage dump for a period of at least forty (40) years. By such use of Lot 14, we believe that the City of St. Martinville has exercised such adverse possession as would offset any constructive possession which might be claimed by petitioner under the' provisions of Article 3437 of the LSA-Civil Code. Petitioner claims that as Claiborne Street was never opened, his possession of Lots 12, 13 and 18 would be such as to include possession of Lot 14 under the provisions of Article 3437. The defendant on the other hand contends that Claiborne Street has been dedicated, and even though it has never been opened, it does run between the property so that Lot 14 is not contiguous to the other property of petitioner, and that, therefore, Article 3437 is of no benefit to the petitioner. Regardless of whether the property claimed by petitioner is considered one contiguous tract of land, or not, we feel that the type of possession shown by the defendant was of such a nature as to be open, notorious and adverse against petitioner. The property in question could not be in the possession of two (2) adverse claimants, and the evidence shows that if anyone possessed the property it was the *217 defendant. The petitioner has cited Bruning v. City of New Orleans, 165 La. 511, 115 So. 733 and claims that said case has held that the fact that the City of New Orleans had dumped trash on property and had removed dirt therefrom, did not constitute acts amounting to possession. That case, we feel, is distinguished from the present case by the fact that in the Brun-ing Case, the City only intermittently dumped trash on the property which was adjoining the property on which the City kept its mules and parked its park equipment. There was no evidence in'that case to show that the property in question was the regular garbage dump of the City of New Orleans.
The record in the present case shows that the Lot in question was the regular garbage dump of the Town of St. Martinville and has been in continuous use for a number of years. It is apparent from the above that the plaintiff is without possession of the property in question and that the defendant is apparently in possession. According to Article 49, Louisiana Code of Practice, it is necessary in a possessory action or slander of title action that the plaintiff should have had the real and actual possession of the property at the instant when the disturbance occurred; a mere civil or legal possession is not sufficient. That he should have had that possession quietly and without interruption for more than a year previous to his being disturbed provided the possession of less than one year be sufficient, in case the possessor should have been evicted by force or by fraud. That he should have suffered a real disturbance either in fact or in law. That he should have brought his suit, at the latest, within the year which the disturbance took place. It is apparent that plaintiff cannot qualify under this Article. According to Act No. 38 of 1908 which is now incorporated as Article 74.1 of the Louisiana Code of Practice, it is prescribed that in all cases where two or more persons lay claim to land and where neither of said claimants are in the actual possession of the land so claimed, an action to establish title to real estate may be brought. It is likewise apparent that the plaintiff in this case cannot qualify under this Act in view of the apparent possession of the defendant herein. We, therefore, feel that the Lower Court was correct in maintaining the exception and dismissing the petitioner’s action.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.